IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| TAWNYA M. PEERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 06-217-JO |
| | ) | |
| v. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

Alan S. Graf
ALAN STUART GRAF, PC
P. O. Box 98
Summertown, TN 38483

   Attorney for Plaintiff

L. Jamala Edwards
Michael McGaughran
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue
Suite 2900, M/S 901
Seattle, WA 98104

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

   Attorneys for Defendant

JONES, Judge:

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") disability benefits under the Social Security Act. *See* 42 U.S.C. § 1381-83f. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Following a careful review of the record, I conclude that the decision of the Commissioner must be affirmed.

## ADMINISTRATIVE HISTORY

Plaintiff, Tawnya Peerson, was born on March 23, 1976. She suffers from multiple illnesses, including neurofibromytosis, Noonan syndrome, and fibromyalgia.[1] Tr. 63. Plaintiff was 25 years old at the time of her alleged onset of disability, October 17, 2001. Tr. 81. Plaintiff has completed high school and vocational training with Job Corps. Tr. 69. Before the alleged onset of disability, plaintiff worked as a hotel front desk clerk and a grocery store courtesy clerk. Tr. 64. After the onset date, she continued to be employed as a nanny for a family member. Tr. 99.

Plaintiff protectively filed her application for SSI on January 28, 2003. Tr. 81. She alleges that her illnesses limit her ability to work due to pain, exhaustion, and impairment of her cognitive and spatial perspectives. Tr. 63. Her application was denied initially and on

---

[1] Citations to the official transcript of record are referred to throughout as "Tr."

reconsideration. Tr. 43-51. Plaintiff requested a hearing, which was held before an Administrative Law Judge ("ALJ") on September 9, 2004. Tr. 27. Plaintiff appeared in person and was represented by an attorney; also present were witness Milana Peerson (plaintiff's mother) and vocational expert ("VE") Mark McGowan. Tr. 310. On November 24, 2004, the ALJ issued a decision denying plaintiff's application, finding that plaintiff was not eligible for SSI payments. Tr. 18-25. The Appeals Council declined review of the ALJ's decision, which became the final decision of the Commissioner on December 22, 2005. Tr. 5.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *see also* Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989); Andrews, 53 F.3d at 1039-40.

## SUMMARY OF THE ALJ'S FINDINGS

As required, the ALJ used a five-step "sequential evaluation" process in evaluating plaintiff's disability. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant has the initial burden of proving a disability in steps one through four of the analysis. *See* Burch v. Barnhart, 400 F.3d

676, 679 (9th Cir. 2005). Then, if the claimant establishes that she is unable to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful activity in jobs existing in significant numbers in the national economy. *See* id. (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989)); Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).

In this case, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. Tr. 24, Finding 1. Second, the ALJ found that plaintiff suffers from the following impairments: multiple congenital syndromes, mathematics disorder, adjustment disorder, personality disorder, fibromyalgia, neurofibromytosis, gastroesophageal reflux disease, and obesity. Tr. 24, Finding 2. Third, the ALJ determined that the impairments do not meet or medically equal any impairment in the Listing of Impairments, Appendix 1, Subpart P, Regulation No. 4. Tr. 24, Finding 3. Thus far, these findings are not in dispute.

Next, the ALJ determined plaintiff's residual functional capacity ("RFC"). Plaintiff can lift 25 pounds frequently and walk no more than nine to ten blocks at a time. She has a limited capacity for bilateral fine motor dexterity, complex attention and concentration, and visual processing–making her reactions slow and her tolerance for hazards low. She also is also limited in her ability for sharp focus and her capacity to deal with complex material; and she has limited higher order judgment and decision making capacity. Tr. 24, Finding 5. In addition, assigned tasks need to be fairly repetitive, non-complex, and with a low need for a high degree of visual acuity or speed of fine motor performance. Tasks would also need to include a limited demand for mathematics, spelling, and reading. Id. This finding is in dispute. (Pl.'s Opening Br. at 10).

At step four of the evaluation, the ALJ determined that plaintiff could perform her past relevant work as a child monitor. Tr. 24, Finding 6. This finding is in dispute. (Pl.'s Opening Br. at 8-10). The ALJ made an alternative finding at step five of the evaluation and found that plaintiff could perform jobs existing in significant numbers in the national economy. Accordingly, plaintiff is not disabled within the meaning of the Social Security Act. Tr. 24, Finding 6. This finding is also in dispute. (Pl.'s Opening Br. at 10-11).

## DISCUSSION

Plaintiff challenges the final decision of the Commissioner on the grounds that, considering the record as a whole, the ALJ's determinations are not supported by substantial evidence and the decision is based on improper legal standards. (Pl.'s Opening Br. at 1.) Specifically, plaintiff argues that the ALJ improperly discredited plaintiff's testimony, improperly discounted statements of multiple lay witnesses without giving germane reasons, and presented a hypothetical to the VE that did not contain sufficient limitations.

1. Plaintiff's Credibility

Plaintiff argues that the ALJ gave insufficient reasons for discrediting her testimony. An ALJ's credibility determination must be sufficiently specific to show that the ALJ did not arbitrarily discredit claimant's testimony. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). The ALJ must give specific, non-arbitrary, clear and convincing reasons for discounting plaintiff's testimony. Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001). The ALJ may consider the following when evaluating the claimant's credibility: (1) claimant's reputation for truthfulness, (2) inconsistencies in claimant's testimony or between her testimony and her conduct, (3) claimant's daily activities, (4) claimant's work record, and (5) testimony

from physicians and third parties regarding claimant's symptoms. Thomas v. Barnhart, 278 F.3d 947, 958-959 (9th Cir. 2002).

Here, the ALJ gave specific and non-arbitrary reasons for discrediting plaintiff's testimony. Specifically, the ALJ found inconsistencies between plaintiff's testimony and her conduct. First, plaintiff alleges that she has a sleeping problem, Tr. 319-320, even though plaintiff underwent a medical procedure that successfully treated her sleep apnea. Tr. 230. The ALJ reasonably concluded that it was inconsistent for plaintiff to fail to seek medical treatment for her sleeping problem, despite having done so in the past.

Second, plaintiff's claim of chronic pain from fibromyalgia is inconsistent with the lack of any evidence of recent medical treatment or medication. Tr. 23. Plaintiff alleges that her fibromyalgia causes her to suffer debilitating pain. Tr. 316-317. However, the ALJ noted that plaintiff has not been examined or treated for fibromyalgia since December of 2002. Tr. 22, 176-81. Furthermore, plaintiff does not take any medication for her pain. Tr. 96-97. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a *relevant factor in determining the severity of the claimant's pain* and its disabling effects." Rollins, 261 F.3d at 857 (citing 20 C.F.R. § 404.1529(c)(2)) (emphasis added). Here, the ALJ did not reject plaintiff's allegations of pain; rather, he considered objective medical evidence to support a determination that plaintiff had "overstated the problem" in terms of its severity. Tr. 23.

2. Lay Witness Testimony

Plaintiff argues that the ALJ improperly discounted the lay witness statements of Dee Ann Grieve, plaintiff's neighbor; Donald Carroll, plaintiff's pastor; and John Peerson, plaintiff's step-

father. (Pl.'s Opening Br. at 7.) Specifically, plaintiff argues that the ALJ erred by failing to supply specific, germane reasons for discrediting these lay witness's statements. (Pl.'s Opening Br. at 7.) I disagree.

"Friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify" to the claimant's condition. Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993). Such testimony "cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). Thus, to discount lay witness testimony, the ALJ "must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919; *see also* Nguyen, 100 F.3d at 1467. The ALJ is required to comment on the *uncontradicted* lay witness statements, as they relate to claimant's ability to work. Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006).

In this case, the ALJ found that objective evidence in the record contradicted the lay witnesses' statements regarding plaintiff's alleged disability. Tr. 23. First, the ALJ examined plaintiff's work record. Although plaintiff's alleged onset of disability is October 17, 2001, plaintiff continued employment as a full time nanny until October of 2002–one year after the onset of disability. Tr. 99. Furthermore, the full time nanny position did not end for medical reasons; plaintiff testified that the employment ended because the family that she was working for moved. Tr. 312.

The duration of the nanny position, as indicated by plaintiff on her work history report, does not match plaintiff's testimony at the hearing before the ALJ. Tr. 99. At the hearing, plaintiff testified that she was employed only until 2000. Tr. 311. Plaintiff's attorney argues that since the evidence in the record is unclear, there is insufficient evidence to overcome the lay

7 - OPINION AND ORDER

witnesses' statements attesting to plaintiff's inability to work. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews, 53 F.3d at 1039-1040. Here, as previously noted, the ALJ has found that plaintiff's testimony is not entirely credible and opted to use the employment dates from the work history report. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation. Id. In this case, the ALJ reasonably concluded that the lay witnesses' testimony was contradicted by the fact that plaintiff was able to continue working full time after the alleged onset of her disabling condition.

The ALJ also relied on the medical evidence in the record to discount contradictory lay witness statements. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) (ALJ properly rejected lay witness statements that were inconsistent with claimant's activities and the objective evidence in the record). As discussed earlier, there is no evidence that plaintiff sought treatment or medication for her sleeping problems or fibromyalgia pain symptoms. In the absence of a new impairment, the ALJ concluded that the lay witness statements, while "not deliberately deceptive," were insufficient to overcome the objective evidence in the record. Tr. 23. See Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ disregarded lay witness statement that was inconsistent with claimant's presentation to treating physicians); Bayliss, 427 F.3d at 1218 (inconsistency with medical evidence is a germane reason for discrediting lay witness statements). The ALJ did not err because he presented specific, germane reasons for discounting the lay witnesses' statements.

3. <u>Vocational Expert's Testimony</u>

The ALJ determined that plaintiff could perform her past relevant work as a child care provider at step four of the sequential disability analysis; accordingly he did not need to proceed further. Tr. 23. Nevertheless, in an alternative finding, the ALJ presented a hypothetical based on plaintiff's RFC to the VE to determine if other work existed in significant numbers in the national economy. Plaintiff argues that the hypothetical did not provide sufficient detail for the VE to reasonably assess the degree of plaintiff's limitation. I disagree.

In order for the testimony of a VE to be considered reliable, the hypothetical posed must include "all of the claimant's functional limitations, both physical and mental" supported by the record. <u>Thomas</u>, 278 F.3d at 956 (citations omitted). In this case, the ALJ proposed a detailed hypothetical that included all of plaintiff's limitations that were supported by the objective evidence in the record. Tr. 23. I find that the ALJ did not err in describing plaintiff's RFC. The record of the hearing shows that the VE did not have any questions about the hypothetical. This absence of questions implies that the VE understood the extent of plaintiff's limitations as presented in the hypothetical, and identified three occupations that represented a significant number of unskilled jobs that plaintiff could perform: cafeteria attendant, usher, and kitchen helper. Tr. 336. I find that the ALJ's conclusion that plaintiff is not disabled is properly supported both by the testimony of the VE, and by reference to medical-vocational rule 202.21. S*ee* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g).

## CONCLUSION

For the foregoing reasons, and based on my review of the record, the Commissioner's decision denying plaintiff's application for Supplemental Security Income disability benefits is

based on correct legal standards and is supported by substantial evidence in the record as a whole.

Accordingly, the Commissioner's decision is AFFIRMED, and this matter is DISMISSED.

DATED this 27th day of March, 2007.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

10 - OPINION AND ORDER